# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ACTION WHOLESALE LIQUORS, CENTRAL LIQUOR, and JARBOE SALES CO., <br><br> Plaintiffs, <br><br> vs. <br><br> OKLAHOMA ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COMMISSION; JOE PERKINS, BRYAN CLOSE, PAT MOREO, DESMOND SIDES, ROB STRATTON, PAUL MOODY, and MAXINE MCFALLS, in their official capacities as Commissioners of the Oklahoma Alcoholic Beverage Laws Enforcement Commission; and A. KEITH BURT, in his official capacity as Director of the Oklahoma Alcoholic Beverage Laws Enforcement Commission, <br><br> Defendants. | Case No. CIV-06-0239-F |

## ORDER

In its order of November 15, 2006 (doc. no. 43), the court determined that the laws challenged in this action – consisting of the 2000 amendment to Article 28, Section 3 of the Oklahoma Constitution, and conforming state statutes – were unconstitutional under the interstate commerce clause of the United States Constitution. <u>Granholm v. Heald</u>, 544 U.S. 460 (2005). Accordingly, the court granted summary judgment to the plaintiffs in this action. The court stayed judgment in plaintiffs' favor, however, because, as the court stated at the time, it agreed with the

parties on both sides of this case that a legislative remedy was preferable, if that could be accomplished within a reasonable time. Accordingly, the November order directed the parties to file, by June 1, 2007, a notice advising the court of the status of efforts in the Oklahoma Legislature to address the constitutional defect identified by the court in its November order. The November order stated that, after receipt of the notices, the court would determine whether the stay of its ruling on summary judgment would be lifted or extended.

The time for that determination has now come. The parties have filed notices stating that no bills or resolutions addressing the constitutional defect identified in the court's November order were enacted by the most recent session of the Oklahoma Legislature. The Oklahoma Grape Growers and Wine Makers Association has also filed an amicus curiae brief, stating the association's views regarding the proper remedy in light of the legislature's failure to act. Thus, it is apparent that, in all material respects, Oklahoma's alcoholic beverage laws stand today as they did on November 15, 2006, when the court concluded that the challenged laws were unconstitutional. Likewise, it is apparent that plaintiffs remain today as they were on November 15, 2006, that is, entitled to the declaratory and injunctive relief sought in this action.

For these reasons, the stay of the court's November 15, 2006 order granting summary judgment in favor of the plaintiffs and against the defendants is hereby lifted.

The challenged provisions of the Oklahoma Constitution and associated Oklahoma statutes remain, as previously declared, unconstitutional under the Commerce Clause of the United States Constitution, making those laws void and unenforceable.

Of the available judicial remedies for the declared unconstitutionality, the court continues to find and conclude that it would be much less disruptive to Oklahoma's long-standing regulatory scheme to remove the exception to the three-tier system which the challenged laws now unconstitutionally extend to in-state wineries, than it would be to extend the exception to all wineries. The challenged provisions are, therefore, judicially stricken.

Consistent with the specific injunctive relief sought in the complaint, defendants and their officers, agents, and employees are, pursuant to Rule 65, Fed.R.Civ.P., **ENJOINED** from enforcing or relying upon the stricken laws in their licensing, rule-making, enforcement, and other official actions in the administration of the Oklahoma Alcoholic Beverage Control Act.

Judgment will be entered separately.

Dated this 15th day of June, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0239p014(pub).wpd